UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BW Tech, LLC, | § | |
|   *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:17-CV-01082 |
| Bartell Machinery Systems, LLC, | § | |
|   *Defendant/ Third-* | § | |
|   *Party Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| Bin Chen, individually, | § | |
|   *Third-Party* | § | |
|   *Defendant*. | § | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff BW Tech, LLC ("BWT") and third-party defendant Bin Chen's motion to dismiss. Dkt. 19. All parties consent to magistrate judge jurisdiction. Dkt. 21. After considering the motion, responses, and law, the motion to dismiss is denied.

### Background

BWT and Bartell entered into a Sales Representative Agreement ("SRA") whereby BWT agreed to represent Bartell in the negotiation and sales of Bartell products. Dkt. 6 at 6. BWT filed suit against Bartell alleging Bartell breached the SRA by failing to pay commissions contracted for under the SRA. Dkt. 1-2. Bartell filed counterclaims alleging breach of fiduciary duty and breach of contract against BWT. Bartell contends BWT breached the SRA by (1) failing to disclose its relationship with HAT, a party to a sales transaction; (2) disclosing Bartell's confidential pricing structure to HAT; (3) and failing

to assist Bartell in negotiations with HAT. Bartell also filed a third-party claim against Bin Chen, agent of BWT, alleging he breached his fiduciary duty to Bartell in his individual capacity. BWT and Bin Chen now bring this Rule 12(b)(6) motion to dismiss all counterclaims against them.

## Standard of Review

In reviewing a pleading under Rule 12(b)(6), the Court must accept as true "all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff." *Gonzalez v. Kay*, 577 f.3d 600, 603 (5th Cir. 2009). However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts that state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Analysis

BWT contends that Bartell's allegations are insufficient because they do not allege facts demonstrating breach of contract, specifically performance and damages, or breach of fiduciary duty. Dkt. 19 at 3. Yet, BWT contradictorily admits that it may have committed a "technical breach" of contract; a breach of contract that requires performance and damages. *Id*. at 4.

Bartell sufficiently plead enough facts that could lead the court to believe that BWT is liable for the misconduct alleged. The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence [to support the cause of action]." *Bell Atlantic Corp.,* 550 U.S. at 556. A breach of contract claim requires (1) a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of that breach. *Petras v. Criswell*, 248 S.W.3d 471, 477 (Tex. App. 2008). It is clear that there was a valid SRA between BWT and Bartell. BWT's argument that Bartell did not allege facts demonstrating its performance under the SRA fails because Bartell tendered performance once it started to pay BWT's commission. Dkt. 22 at 4. Whether BWT breached the SRA, thus leading to Bartell's alleged damages, will be determined at a later date in this matter. However, Bartell has pleaded substantial facts for the breaches to be plausible. Therefore, Bartell's counterclaims can proceed.

Further, the pleadings sufficiently allege that both BWT and Bin Chen had a fiduciary relationship with Bartell. Whether this relationship was breached will also be determined at a later date.

## Conclusion

For the aforementioned reasons, BWT and Bin Chen's motion to dismiss is denied.

Signed at Houston, Texas, on October 27, 2017.

Stephen Wm Smith
United States Magistrate Judge